UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

YADER PADILLA and VICTORIA LOPEZ,   No. 10-11000

                              Debtor(s).
_____/

FRANCISCO GARCIA, et al.,

                              Plaintiff(s),

            v.   A.P. No. 10-1086

YADER PADILLA and VICTORIA LOPEZ,

                              Defendant(s).
_____/

Memorandum After Trial
_____

     Debtors Yader Padilla and Victoria Lopez unwittingly helped Lopez' brother cheat plaintiffs Francisco and Roberto Garcia out of several hundred thousand dollars. Neither defendant had any idea that plaintiffs were being cheated. Nonetheless, plaintiffs argue based on state law that their claim against Padilla and Lopez should be found nondischargeable. The court disagrees.

     In order for a debt to be nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code, there must be en express finding of actual fraud. Constructive fraud, implied fraud and other state law

1

fictions will not do. *In re Anastas,* 94 F.3d 1280, 1286 (9th Cir. 1996). The court finds that defendants had no intent to defraud plaintiffs, so there can be no nondischargeable debt pursuant to § 523(a)(2).

In order for a debt to be nondischargeable pursuant to § 523(a)(4) for defalcation in a fiduciary capacity, there must be an actual trust existing before the alleged wrongdoing. Constructive, resulting or implied trusts will not do. *In re Lewis*, 97 F.3d 1182, 1185 (9th Cir.1996). General state law concepts of fiduciary duties are not relevant. *In re Honkanen,* – B.R. – (9th Cir. BAP 2011). There was no actual trust in this case, so there can be no nondischargeable debt pursuant to § 523(a)(4).

In order for a debt to be nondischargeable pursuant to § 523(a)(6), the debtor must have intended both the act and the harm. There can be no nondischargeable debt without a finding of actual malice. *Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974 (1998). There was no actual malice on the part of Padilla and Lopez, who did not realize that they were helping Lopez' brother to cheat plaintiffs. Accordingly, there can be no nondischargeable debt pursuant to § 523(a)(6).

Accordingly, plaintiffs shall take nothing by their complaint, which will be dismissed with prejudice. Defendants shall recover their costs of suit.

This memorandum, together with the statements made by the court on the record at the conclusion of the trial, constitute the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for defendants shall submit an appropriate form of judgment forthwith.

Dated: March 31, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

2